**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Anthony Tellez, et al., | No. CV-20-01707-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Gold Road Mining Corporation, et al., | |
| Defendants. | |

Pending before the Court is Defendant Soma Gold Corps' ("Soma Gold Corp.," or "Defendant") Motion to Dismiss (Doc. 28).[1] Plaintiff Jason Anthony Tellez ("Mr. Tellez" or "Plaintiff") filed a Response (Doc. 37), and Defendant filed a Reply (Doc. 43).

**I. Background**

This case arises from an alleged employee injury. Mr. Tellez worked as a miner for Guy F. Atkinson Construction, LLC at the Gold Road Mine in Arizona. (Doc. 1 at ¶ 27). On March 12, 2019, while Mr. Tellez was working in the mine, an underground blast occurred. (*Id.* at ¶¶ 29–30). The blast smoke traveled to where Mr. Tellez was working, and the smoke exposure allegedly injured him. (*Id.* at ¶¶ 31–32). Soma Gold Corp. owned eighty-eight percent of the Gold Road Mine and at all times was the Controller and operator of the Gold Road Mine. (*Id.* at ¶¶ 13–14, 17). Following Mr. Tellez's accident, the Mine Safety & Health Administration inspected the Gold Road Mine and issued citations for several safety violations. (*Id.* at ¶¶ 35–56). As an owner of the mine with a financial

---
[1] Defendants Bauer Resources LLC, Four C Resources, LLC, Gold Road Mining Corp., and Z79 Resources, Inc. have joined in support of the motion. (Doc. 30).

interest, Soma Gold Corp. had a duty to ensure operations at the Gold Road Mine were conducted safely. (*Id.* at ¶ 61). Mr. Tellez made a claim for workers' compensation benefits and the claim was denied. (Doc. 37 at 6). He is currently appealing that decision before the Industrial Commission of Arizona. (*Id.* at 7; Doc. 43 at 2). Concurrently with his appeal, Mr. Tellez filed this suit on August 31, 2020 against Soma Gold Corp. and other defendants based on third-party liability. (Doc. 1 ¶¶ 1–77).

## II. Discussion

Soma Gold Corp. brings its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). (Doc. 28 at 1). It argues the Court lacks subject matter jurisdiction because Plaintiff does not have standing to sue. (*Id.* at 5). The Court will address this argument.

### A. Legal Standard

Article III provides that federal courts may only exercise judicial power in the context of "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). For there to be a case or controversy, the plaintiff must have standing to sue. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("*Spokeo II*"). Whether a plaintiff has standing presents a "threshold question in every federal case [because it determines] the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 101 (1998). In that event, the case must be dismissed pursuant to Rule 12(b)(1). *Id.*

The Arizona Workers Compensation Act provides that that employees injured "by the negligence or wrong" of a third party may bring a claim against that third-party. *See* A.R.S. § 23-1023(A). However, once a year elapses after the injury, standing shifts from the employee to the insurance carrier or workers compensation carrier. A.R.S. § 23-1023(B). Thereafter, the employee cannot bring suit without obtaining a reassignment of the claim from the workers compensation carrier. *Id.* A.R.S. § 23-1023(B) states:

> B.   If the employee who is entitled to compensation under this chapter or the employee's dependents do not pursue a remedy pursuant to this section against the other person by instituting an action within one year after the cause of action accrues…the claim against the other person is deemed assigned to the insurance carrier or self-insured employer and…
>
> The claim may be prosecuted or compromised by the insurance carrier or the person liable for the self-insured employer or may be reassigned in its entirety to the employee or the employee's dependents. After the reassignment, the employee who is entitled to compensation, or the employee's dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.

**B.   Analysis**

The question before the Court is whether it has subject matter jurisdiction over a plaintiff who instituted litigation against a third-party more than one year after the alleged injury occurred, without claim reassignment from the workers compensation carrier. The Court must also determine whether Plaintiff has standing in this forum while he is presently appealing the denial of his workers' compensation benefits in another forum.

First, Plaintiff argues that because his benefits claim has been denied, he has not been found "entitled to compensation" as required by the statute, and thus there is no claim that the workers' compensation carrier can reassign him. (Doc. 37 at 6–7). While this is an interesting theory, the state of Arizona finds that "an employee entitled to compensation is one who is injured in the course and scope of his employment." *Talley v. Indus. Comm'n*, 137 Ariz. 343, 346 (Ariz. Ct. App. 1983); *see also* A.R.S. § 23-1021. There is no additional requirement that the claim is actually found compensable as alleged by Plaintiff, who notably did not cite any cases to support his assertion. The Court finds that because Mr. Tellez suffered injury during his employ, he is an employee "entitled to compensation." *See* A.R.S. § 23-1021.

Next, Plaintiff argues that because Mr. Tellez's workers' compensation benefits claim has been denied, there is no concern for double recovery, which is the intention

behind this statute. (Doc. 37 at 8). The Court finds that there is a concern for double-recovery because Plaintiff is appealing the denial of benefits while pursuing this third-party liability suit. Plaintiff further cites a series of cases attempting to illustrate that enforcing the statutory reassignment provision in this instance would serve as a "trap for the unwary" serving to "shield tortfeasors from liability" resulting in "forfeiture…out of proportion." (*Id.* at 9, 11, 13). The Court finds that the reassignment statutory mechanism shifts standing from the employee to the carrier; it does not shield Defendants from liability as Plaintiff alleges. Nor do the cases Plaintiff cites apply here, as he has clearly applied for and is actively appealing a denial of his workers' compensation benefits claim in another forum. (*Id.* at 7; Doc. 43 at 2). For instance, his case is not like *Moretto* or *Oaks*, where the courts held that because plaintiffs never claimed, applied for, or accepted workers' compensation benefits, the reassignment provision was inapplicable. *Moretto v. Samaritan Health Sys.*, 190 Ariz. 343, 348–349 (Ariz. Ct. App. 1997); *Oaks v. McQuiller*, 191 Ariz. 333, 334–335 (Ariz. Ct. App. 1998).

Here, Plaintiff has applied for benefits, been denied them, and is currently appealing that denial. Case law is clear that once an employee entitled to compensation "makes a claim for or accepts workers' compensation benefits," the claim is assigned to the workers' compensation carrier. *Oaks*, 191 Ariz. at 334 (internal quotations omitted); *see K.W. Dart Truck Company v. Noble*, 116 Ariz. 9, 10 (Ariz. 1997) (finding that the "whole claim" is assigned to the carrier and no "equitable or beneficial interest…remains in the employee" when the injured party did not bring suit within the first year of injury after applying for and accepting workers' compensation benefits); *see also Stephens v. Textron, Inc.*, 127 Ariz. 227, 229 (Ariz. 1980) (automatic assignment after one year divested claimant of any interest in the cause of action because the State Compensation Fund had become the owner); *see also Martinez v. Bucyrus-Erie Co.*, 113 Ariz. 119, 120 (Ariz. 1976) (citing *Valley Nat'l Bank v. Byrne*, 101 Ariz. 363 (Ariz. 1966)) ("[T]he word 'assign' has a definite, fixed, legal meaning and…an unconditional assignment passes to the assignee all the rights, title or interest of the assignor in or to the property or property rights

comprehended by the assignment"). Because Mr. Tellez applied for benefits and filed this third-party liability suit more than one year after his alleged injury, the claim is assigned to the workers' compensation carrier. The pendency of his appeal also indicates he believes the workers' compensation carrier is responsible for and retains ownership over that claim.

Ultimately, because Plaintiff initiated this third-party liability suit more than one year after the alleged injury, while actively pursuing a workers' compensation claim, the claim belongs to the workers' compensation carrier. A.R.S. § 23-1023(B). The Court finds that without claim reassignment from the workers compensation carrier, Mr. Tellez lacks standing to bring his third-party liability lawsuit.

### III. Conclusion

Mr. Tellez does not have standing thus, the Court finds that it lacks subject matter jurisdiction. Therefore, the Court must grant Defendant's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 28) is **granted**. The Clerk of Court shall enter judgment accordingly and close this matter.

Dated this 21st day of June, 2021.

Honorable Diane J. Humetewa
United States District Judge